# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| MATERIAL HANDLING TECHNOLOGIES, INC. | CIVIL ACTION NO. 16-CV-1297 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| SOUTHLAND PROCESS GROUP LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

This case arises out of a dispute between a subcontractor, a contractor, and an owner. Plaintiff, subcontractor Material Handling Technologies, Inc. ("Material Handling"), filed suit against Southland Process Group, LLC ("Southland"), its contractor, and IntegriCo Composites, Inc. ("IntegriCo"), the owner of the project, for unpaid costs. Now before the Court is Material Handling's Motion for Summary Judgment. [Record Document 66]. Southland has filed a Cross-Motion for Summary Judgment and an Opposition. [Record Documents 77 & 78]. Material Handling has filed an Opposition to the Cross-Motion and a Reply in support of its own Motion. [Record Documents 83 & 86]. For the reasons discussed below, Material Handling's Motion for Summary Judgment [Record Document 66] is **DENIED** as to Southland.[1] Southland's Cross-Motion for Summary Judgment [Record Document 77] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Material Handling's unjust enrichment claim and that claim is **DISMISSED WITH PREJUDICE**. The motion is **DENIED** as to Material Handling's breach of contract and Louisiana Private Works Act claims.

---

[1] Material Handling's Motion for Summary Judgment as to IntegriCo will be discussed in a separate ruling.

**FACUTAL BACKGROUD**

Material Handling sets out the facts of the case as follows. IntegriCo is an entity that manufactures plastic railroad ties at its facility in Webster Parish, Louisiana. Record Document 66-1, p. 1. IntegriCo leases this property from the North Webster Parish Industrial District. *Id.* at 2. In December of 2014, IntegriCo hired Southland to perform work on a construction project to make improvements to that property. Record Document 1, ¶ 5. In April of 2015, Southland subcontracted with Material Handling to provide goods and services as part of this project. *Id.* at ¶ 6. Material Handling installed a conveyor system in the IntegriCo building between June and August of 2015. Record Document 66-1, p. 3. Material Handling asserts that its work met or exceeded the standards set out in its contract with Southland. *Id.* Material Handling now alleges that although it was initially paid according to the agreed-upon payment schedule, it is currently owed $82,635.00 for goods and services. *Id.*; Record Document 1, ¶s 11 & 12.

Material Handling brings claims against Southland and IntegriCo under the Louisiana Private Works Act (the "PWA"). Record Document 1, ¶ 16. Material Handling claims that, pursuant to the PWA, its performance of work on the property gives rise to a claim of privilege against Southland and IntegriCo as the contractor and the owner. *Id.* Material Handling states that this privilege secures the full amount of unpaid principal for the work, the interest due on that amount, and the fees incurred for filing the statement of privilege. *Id.* at ¶ 18.

Material Handling also claims that Southland is liable for breach of contract and, as a result, is liable for damages caused by its failure to perform under the contract between the parties, pursuant to Louisiana Civil Code article 1994. *Id.* at ¶ 15. Furthermore, Material Handling alleges that Southland is liable for all the attorneys' fees incurred for this claim because it constitutes a claim on an open account pursuant to Louisiana Revised Statute § 9:2781. *Id.* at ¶ 20. In the

alternative, Material Handling claims that Southland has been unjustly enriched by the goods and services Material Handling provided. *Id.* at ¶ 21.

**LAW AND ANALYSIS**

**I.**     **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23. However, "if the movant bears the burden of proof on an issue, . . . he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)

(citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## II. <u>Summary of Arguments</u>

### A. **Material Handling's Motion for Summary Judgment**

Material Handling argues that IntegriCo and Southland are liable under the PWA. Record Document 66-1, p. 4. The PWA provides subcontractors who perform improvements to immoveable property with a claim against the owner and the contractor for the price of their work. La. Stat. Ann. § 9:4802(A)(1). The statute also provides that claims against the owner of the property "shall be secured by a privilege on the immovable on work which is performed." *Id.* at § 9:4802(B). Material Handling asserts that it has properly filed a statement of privilege in the public records in accordance with § 9:4822 and has therefore secured its claim to the unpaid principal for the work it performed on IntegriCo's property. Record Document 66-1, p. 5.

Material Handling also claims that Southland is liable for breach of contract. *Id.* at 8. In furtherance of this claim, Material Handling attempts to rebut one of the affirmative defenses raised by Southland. In its answer, Southland states that Material Handling's claims are barred because the contract between the parties contains a suspensive condition, in this case a pay-if-paid

clause, that has not yet been fulfilled. Record Document 17, p. 2. Material Handling first argues that this pay-if-paid clause does not relieve Southland of its payment obligations because the clause was included in the standard form purchase order provided by Southland and should therefore be interpreted against Southland pursuant to Louisiana Civil Code article 2056. Record Document 66-1, p. 6. Material Handling also argues that the clause does not indicate a departure from the payment schedule set forth in the purchase order. *Id.* at 6–7. Finally, Material Handling contends that even if the Court finds that the clause renders the payment schedule moot, IntegriCo's unanticipated failure to pay Southland merely transforms the term of payment into a "reasonable time period," which has now passed. *Id.* at 7. The Court notes that Material Handling does not challenge the validity of its contract with Southland or the validity of the payment provision itself.

### B. Southland's Opposition/Cross-Motion for Summary Judgment

In response to Material Handling's motion, Southland filed a Cross Motion for Summary Judgment and an Opposition. Record Documents 77 & 78. The same brief was submitted in support of each filing. *See* Record Document 77-3 & 78. Southland contends that Material Handling has no action against it for breach of contract because the pay-if-paid clause designates payment by IntegriCo as a suspensive condition that must occur before Southland is obligated to pay Material Handling. Record Document 77-3, p. 4. According to Southland, Material Handling has not demonstrated that IntegriCo has paid Southland, so Material Handling cannot show that Southland is obligated to pay the outstanding principal. *Id.* at 9.

Southland argues that the pay-if-paid clause defeats Material Handling's claim under the PWA for the same reasons. *Id.* at 14–15. Additionally, Southland argues that factual issues exist as to whether Material Handling has a valid PWA claim because it has not provided any proof that its statement of privilege was filed within the required time period. *Id.* at 17. Southland points out

that although Material Handling claims that its statement of privilege was filed within sixty days after the filing of a notice of termination, as required by Louisiana Revised Statute § 9:4822, Material Handling provides no proof showing that a notice of termination was ever filed. *Id.* at 18–19.

Finally, Southland rebuts Material Handling's unjust enrichment claim by arguing that an action for unjust enrichment is only available when a plaintiff has no other legal remedy. *Id.* at 16–17. Because Material Handling has a remedy under the law for breach of contract and under the PWA, Southland argues that it cannot assert a claim of unjust enrichment. *Id.* at 17.

###    C.    Material Handling's Opposition

In its opposition, Material Handling argues that Southland's motion should be denied because: (1) Southland's interpretation of the pay-if-paid clause is incorrect; (2) Southland has not demonstrated that it has not been paid by IntegriCo; and (3) Southland has not demonstrated that it is free from fault for IntegriCo's nonpayment. Record Document 83, p. 5.

As to its first point, Material Handling claims that because the statement immediately before the pay-if-paid clause states that the payments "shall" be made in accordance with the payment schedule, the payments are mandatory and not contingent on any condition. *Id.* at 13. Alternatively, Material Handling argues that the payment schedule and the pay-if-paid clause are in conflict with one another. *Id.* at 16. Second, Material Handling contends that even if the pay-if-paid clause is a suspensive condition, Southland has not shown that it has not been paid by IntegriCo and thus that the suspensive condition remains unfulfilled. *Id.* at 5. Finally, Material Handling argues that Southland is at fault for IntegriCo's nonpayment and therefore that the suspensive condition should be regarded as fulfilled. *Id.* at 11.

**D.** **Material Handling's Reply to Southland**

On December 3, 2019, Material Handling filed a reply to Southland's opposition.[2] Record Document 86. Upon review, this reply closely parallels Material Handling's opposition [Record Document 83] in substance but includes an additional section responding to Southland's argument that Material Handling has submitted no proof that it timely filed the statement of privilege necessary to preserve its PWA claim. *Id.* at 19. Material Handling refers the Court to a Notice of Termination that IntegriCo filed in the public records of Webster Parish on December 7, 2015. *Id.* at 19; Record Document 83-9, p. 2. Material Handling alleges that its statement of privilege was timely filed pursuant to § 9:4822 because December 7, 2015, is within 60 days of November 13, 2015, when the statement was filed. *Id.* Record Document 86, p. 19.

**III.** **Southland's Cross-Motion for Summary Judgment**

The Court will address Southland's cross-motion for summary judgment first because the question of whether a suspensive condition exists must be resolved before the Court can determine whether any such condition has been fulfilled, and the existence of a suspensive condition is central to the issues in Southland's motion.

**A.** **Breach of Contract Claim**

In order to decide whether Southland's cross-motion for summary judgment should be granted as to the breach of contract claim, the Court must resolve two issues. First, the Court must make the legal determination as to whether the payment clause contained in Southland's contract

---

[2] The Court observes that the deadline to file this reply was seven days after the filing of Southland's opposition. *See* Record Document 67. The opposition was filed on November 5, 2019, and this reply was not filed until December 3, 2019. Record Documents 78 & 86. Therefore, this reply is untimely. However, because its content is similar to Material Handling's timely-filed opposition [Record Document 83] and because no party has objected, the Court will consider the reply.

with Material Handling constitutes a suspensive condition. Second, if a suspensive condition does exist, the Court must decide whether there are enough facts in the record to determine whether that condition remains unfulfilled.

1.    The pay-if-paid clause is a suspensive condition

This breach of contract suit presents a narrow issue: whether the payment provision in the contract between Southland and Material Handling is actually a "pay-when-paid" clause or a "pay-if-paid" clause. The distinction between these two types of clauses is established by the Louisiana jurisprudence on this topic. A pay-when-paid clause is a term of payment, whereas a pay-if-paid clause is a suspensive condition. *Tymeless Flooring, Inc. v. Rotolo Consultants, Inc.* 2014-CA-1392 (La. App. 4. Cir. 5/20/15); 172 So. 3d 145, 146. The most important factor in distinguishing between a pay-when-paid clause and a pay-if-paid clause is the language used in the contract. *Id.* at 152.

Under Louisiana law,[3] obligations between parties can be subject to both conditions and terms. An obligation is subject to a condition if it is dependent on an uncertain event. La. Civ. Code art. 1767. An obligation that may not be enforced until the uncertain event occurs is subject to a suspensive condition. *Id.* When an obligation is subject to a suspensive condition, "the very existence of the obligation depends upon the occurrence of the event." *Cahn. Elec. Co. v. Robert E. McKee, Inc.*, 490 So. 2d 647, 652 (La. Ct. App. 1986). An obligation may also be subject to a term of performance. La. Civ. Code. art 1778. A term can be certain, for a fixed period of time, or uncertain, for a period of time that is either determinable by the intent of the parties or by the

---

[3] Because this case is based on diversity jurisdiction, the Court must apply the substantive law of the forum state, here Louisiana. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

occurrence of a future and certain event. *Id.* An obligation that is subject to a term is already in existence. *S. States Masonry, Inc. v. J.A. Jones Constr. Co.*, 507 So. 2d 198, 203 (La. 1987).

In *Southern States Masonry v. J.A. Jones Construction,* the Louisiana Supreme Court was asked to determine whether the payment provisions of two construction contracts contained uncertain terms or suspensive conditions. *Id.* at 200. The case arose after the Louisiana World Expedition, Inc. ("LWE"), the owner of the 1984 Louisiana World's Fair, filed for bankruptcy before paying its general contractors. *Id.* at 199. The case consolidated two lawsuits brought by subcontractors demanding payment from the general contractors for the work they had performed. *Id.* Both contracts between the general contractors and subcontractors contained payment provisions stating that the subcontractor would receive payment after the general contractor was paid. *Id.* at 200.

One of the payment provisions stated that the contractor would pay the subcontractor "upon receipt of payment from the owner." *Id.* at 200. In the other case, the payment provision stated that the contractor would pay the subcontractor for each month "for which payment has been made by said Owner to said Contractor." *Id.* at 201. Both contracts also contained a provision stating that final payment to the subcontractor would be made after final payment by the owner to the general contractor. *Id.* at 200–01. The general contractors argued that those payment provisions established that payment by the owner was a suspensive condition to their obligation to pay the subcontractors. *Id.* at 200. The Court disagreed, holding that both provisions were terms of payment that "at most retard[ed] the execution of the contractor's obligation for a reasonable time" and did not "suspensively condition the contractors' obligation to make payments until the contractors were in fact paid by the owner." *Id.* at 202–03.

The Court found that in both contracts, the owner's payment to the general contractor was viewed as a reasonably certain event and neither contract contemplated the owner's possible insolvency. *Id.* at 201. Based on the language of the payment provisions, the Court concluded that it was not reasonable to infer that the parties had anticipated that the general contractors would not be required to pay the subcontractors if they were not paid by LWE. *Id.* at 203–04. Furthermore, both payment provisions were phrased in mandatory terms. *Id.* at 204. The Court opined that, had the payment provisions used the conjunction "if," those provisions "might have evidenced the parties' intent to condition receipt of payment by the subcontractor upon receipt of payment from the owner to the general contractor." *Id.* at 206. Thus, even though the Court found no suspensive conditions in the contracts at issue in *Southern States*, it acknowledged that a different result could be reached had the contracts used different language. *Id.*

In *Imagine Construction, Inc. v. Centex Landis Construction Co., Inc.*, the Louisiana Fourth Circuit Court of Appeals applied the holding of *Southern States* to a payment provision in a construction contract and reached the opposite result. 97-CA-1653 (La. App. 4 Cir. 2/11/98); 707 So. 2d 500, 502. The court in *Imagine* was asked to decide whether a subcontractor's claim for payment against the general contractor was premature because of the owner's nonpayment to the general contractor. *Id.* at 501. In *Imagine*, the payment provision stated as follows:

> Notwithstanding anything to the contrary . . . Subcontractor shall not be entitled to receive any progress payment or final payment prior to Centex Landis' actual receipt of that payment from Owner. Subcontractor agrees that Centex Landis' actual receipt of full payment from the owner shall be a *condition precedent* to the bringing of any action by Subcontractor hereof against Centex Landis or its surety, if any, relating to Contractor's failure to make payment . . . .

*Id.* at 502 (emphasis added). The court found that this language was distinguishable from the language at issue in *Southern States* because it recognized the possibility that "there may be an utter and complete failure of either progress payments or full payments." *Id.* The court emphasized

that the most significant language in the clause was the subcontractor's agreement that full payment from the owner was a condition precedent to any action against the contractor. *Id.*; *see Southern States*, 507 So. 2d at 204 n.15 (stating that the term "condition precedent" is a common law term analogous to the civilian concept of a suspensive condition).

The same issue came before the Louisiana Fourth Circuit again several years later in *Tymeless Flooring, Inc. v. Rotolo Consultants, Inc*. 172 So. 3d at 146. The payment provision in this case stated that 90% of the subcontractor's invoices would be paid after payment by the owner for the subcontractor's work. *Id.* at 147. The other 10% was to be paid "upon satisfactory completion of this contract and release of final payment by the Owner." *Id.* The court observed that the determinative factor in interpreting whether a payment provision is a pay-if-paid clause, and therefore a suspensive condition, is the language in the contract. *Id.* at 152 (citing *Solomon & Filipowski, Inc. v. Boes Iron Works, Inc.*, 621 So. 2d 882, 884 (La. App. 4 Cir. 1993)). Based on the holdings of *Southern States* and *Imagine*, the court found that the payment provision did not contain the "condition precedent" language that would qualify it as a suspensive condition. *Id.* at 153–54. However, the court also acknowledged, as the Louisiana Supreme Court did in *Southern States*, that if the language of the contract had included a phrase like "unless and until" or "condition precedent," the court could have reached a different conclusion. *Id.* at 153.

Turning to the case at hand, the Court finds that the payment provision in the contract between Material Handling and Southland obviously contains a pay-if-paid clause that designates payment by IntegriCo as a suspensive condition to Southland's obligation to pay Material Handling. The relevant language states:

> Supplier acknowledges and agrees that Contractor's receipt of payment from Owner is an express *condition precedent* to Contractor's obligation to pay Supplier under this CPO.

11

Record Document 66-3, p. 36, ¶ 12 (emphasis added). This language demonstrates that the parties acknowledged the possibility that the owner may fail to pay the general contractor. *See Imagine*, 707 So. 2d at 502. Furthermore, this payment provision uses the term "condition precedent," which is analogous to a suspensive condition. *Southern States*, 507 So. 2d at 204 n.15. The Court acknowledges that this suspensive condition transfers the risk of the owner's nonpayment wholly to Material Handling as the subcontractor. *See Tymeless*, 172 So. 3d at 153.

Because the Court finds that the payment provision clearly contains a suspensive condition, it is therefore unpersuaded by Material Handling's arguments that the clause should be read as a term of payment. Contrary to Material Handling's contention, the purchase order should not be interpreted against Southland even though Southland supplied it because this rule of interpretation only applies when there is doubt as to a contract's meaning. *See* La. Civ. Code art. 2056. Furthermore, the pay-if-paid clause and the payment schedule are not mutually exclusive. If the Court were to adopt Material Handling's view on this point, then no pay-if-paid clause could ever be valid in a contract that contained a payment schedule. To the contrary, as the court in *Imagine* found, contracts can contain pay-if-paid clauses if the language is sufficiently explicit. *Imagine*, 707 So. 2d at 502. The language in this contract is sufficiently explicit to demonstrate the parties' intent to subject their obligation to a suspensive condition. Thus, the Court finds that the pay-if-paid clause constitutes a valid suspensive condition to Southland's obligation to Material Handling.

2.      Whether the condition has been fulfilled is an issue of fact

Although the contract between Southland and Material Handling contains a suspensive condition, that is not sufficient to support a summary judgment ruling in Southland's favor. Southland must also demonstrate that the condition, payment by IntegriCo, remains unfulfilled.

Material Handling argues that Southland has failed to do so. Record Document 83, p. 8. Material Handling points to an interrogatory response by Southland stating that it has been paid $7,694,309.26 by IntegriCo and an October 5, 2015 invoice from Southland to IntegriCo reflecting that IntegriCo paid Southland a total of $9,219,477.00. *Id.*; *See* Record Documents 83-3, p. 2; 84-3, p. 1. Material Handling claims that these documents contradict Southland's assertion that it has not been paid by IntegriCo. Record Document 83, p. 8. This showing by Material Handling is certainly sufficient to create a genuine issue of material fact as to whether IntegriCo has paid Southland and to defeat summary judgment as to the breach of contract claim. However, as will be more thoroughly discussed in the section analyzing Material Handling's motion, the Court believes that the real fact at issue is not whether IntegriCo has paid any money at all to Southland, but whether IntegriCo has paid Southland in accordance with the intended definition of "payment" in the pay-if-paid clause, thus triggering Southland's obligation to pay additional amounts to Material Handling. To be clear, the pay-if-paid clause does not operate as a bar to recovery if Material Handling can present evidence that payment, within the meaning of the contract, has been made to Southland.

### B.    Private Works Act Claim

Southland contends that because Material Handling's PWA claim also arises from the contract, it cannot be liable under the PWA for the same reasons that it is not liable for breach of contract. Record Document 77-3, pp. 14–15. Southland also argues that a pay-if-paid clause can be raised by a contractor as a valid defense to a PWA claim. *Id.* at 15. In *Bear Industries, Inc. v. Hanover Insurance Company*, the Louisiana First Circuit Court of Appeals held that a contractor's surety could not avail itself of a pay-if-paid clause as a defense to a subcontractor's PWA claim. 2017 CA 0301 (La. App. 1 Cir. 1/4/18); 241 So. 3d 1159, 1166. The court reasoned that allowing

a surety to assert this defense against a subcontractor, where the owner has escaped liability to the subcontractor because of a payment bond, would contravene the protections delineated in the PWA. *Id.* In reaching this conclusion, the court did not address whether a contractor itself, rather than a contractor's surety, would be able to assert a pay-if-paid clause as a defense to a subcontractor's PWA claim. The Court has been unable to locate, and the parties have not provided, any other case law on this issue.

The PWA grants subcontractors the right to recover the costs of labor and materials from a party with whom there is no contract in order to facilitate the construction of improvements. *Metro. Erection Co., Inc. v. Landis Const. Co., Inc.*, 627 So. 2d 144, 148 (La. 1993). Obviously, a subcontractor enjoys a privity of contract with its contractor that it does not have with an owner or a contractor's surety. In addition to its rights under the PWA, a subcontractor has an action for breach of contract against its contractor that it does not have against an owner or a contractor's surety. Therefore, the Court finds that it would not render the protections of the PWA meaningless to allow Southland to assert the pay-if-paid clause as a defense to Material Handling's PWA claim against it because a contract exists between Southland and Material Handling.

A subcontractor's claim under the PWA is based on obligations arising out of the performance of work under a contract. La. Stat. Ann. § 9:4802(A). Because the Court has determined that the pay-if-paid clause represents a suspensive condition, whether Southland owes any obligation to Material Handling under the contract depends on whether that condition has been fulfilled. Thus, the same issues of material fact that prevent Southland from succeeding on summary judgment as to the breach of contract claim also prevent it from succeeding on summary judgment as to the PWA claim. For the sake of clarity, the Court emphasizes that Southland's

assertion of the pay-if-paid clause as a defense has no impact on Material Handling's PWA claims against IntegriCo, which the Court will resolve in a separate ruling.

### C. Unjust Enrichment Claim

Southland argues that Material Handling cannot assert an unjust enrichment claim because such a claim is only available when a plaintiff has no other legal remedy. Record Document 77-3, pp. 16–17. An unjust enrichment claim involves five elements: "(1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and, (5) there must be no other remedy at law available to plaintiff." *Garber v. Badon & Ranier*, 2007-1497 (La. App. 3 Cir. 4/2/08); 981 So. 2d 92, 100, *writ denied*, 08-1154 (La. 9/19/08); 992 So. 2d 943. Under the fifth element, "it is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine whether unjust enrichment can be applied." *Id.* (emphasis in original). In this case, no party disputes that a valid contract exists between Material Handling and Southland. Although a genuine issue of material fact exists as to whether Southland currently owes Material Handling any money under that contract, the remedy in this case is governed by contract law and contract law provides Material Handling with a cause of action. Therefore, Material Handling cannot meet the fifth element of an unjust enrichment claim and that claim is **DISMISSED WITH PREJUDICE**.

### D. Conclusion of Southland's Cross-Motion for Summary Judgment

The Court finds that Material Handling has demonstrated that there are genuine issues for trial by going beyond the pleadings and designating specific facts in support of its argument that Southland has already been paid by IntegriCo. *Liquid Air Corp.*, 37 F.3d at 1075. Therefore, Southland's Cross-Motion for Summary Judgment [Record Document 77] is hereby **GRANTED**

**in part** and **DENIED in part**. The motion is **GRANTED** as to the unjust enrichment claim and **DENIED** as to the breach of contract and PWA claims.

## IV.    Material Handling's Motion for Summary Judgment as to Southland

Because the Court finds that a genuine issue of material fact exists as to whether the suspensive condition governing Southland's obligation to Material Handling has been fulfilled, Material Handling's motion for summary judgment as to Southland must be denied. However, the Court will analyze Material Handling's motion separately in order to clarify the factual issues.

### A.    Breach of Contract Claim

Material Handling claims that it is entitled to summary judgment because Southland has failed to prove two essential elements of its affirmative defense: (1) that it has not been paid by IntegriCo and (2) that it is not at fault for IntegriCo's failure to pay. Record Document 86, p. 8. As an initial matter, the Court is unpersuaded by Material Handling's argument that Southland must demonstrate that it is free from fault as to IntegriCo's nonpayment in order to survive summary judgment. Material Handling refers the Court to Louisiana Civil Code article 1772 which states: "[a] condition is regarded as fulfilled when it is not fulfilled because of the fault of the party with an interest contrary to the fulfillment." Under this article, if IntegriCo's nonpayment is Southland's fault, the suspensive condition governing Southland's obligation to Material Handling would be regarded as fulfilled and Southland would currently owe payment to Material Handling. Despite this legal principle, Material Handling offers no legal support for its assertion that Southland bears the burden of proof on this issue and cannot survive summary judgment without such proof. Furthermore, Material Handling's argument that Southland is at fault is based on a separate case currently pending between IntegriCo and Southland in which IntegriCo alleges that it stopped making payments to Southland because Southland breached its contract. Record Document 86, p.

13. However, the existence of this other case demonstrates that there is at the very least an issue of fact as to whether Southland is at fault for IntegriCo's nonpayment. Therefore, Material Handling cannot rely on this case to positively demonstrate that Southland is at fault.

Material Handling argues for the first time in its reply that even if the pay-if-paid clause is a suspensive condition, Southland has been already been paid by IntegriCo and therefore the condition has already been fulfilled.[4] Again, the Court finds that the fulfillment of this condition is a genuine issue of material fact. The factual issue is created by ambiguity as to the intended definition of the word "payment" in the pay-if-paid clause. Under Louisiana law, "[i]nterpretation of a contract is the determination of the common intent of the parties." La Civ. Code art. 2045. If the words in the contract are clear and explicit, "no further interpretation may be made in search of the parties' intent." *Id.* art. 2046. However, if the text of a contract is subject to two or more reasonable interpretations, a court may look to parol evidence to determine the parties' intent. *Cenac v. Orkin, L.L.C.*, 941 F.3d 182, 190 (5th Cir. 2019) (citing *Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 286 (5th Cir. 2009)). In this case, the Court finds that parol evidence is needed to determine the parties' intent.

---

[4] It is the practice of the Fifth Circuit and its district courts to refuse to consider arguments raised for the first time in reply briefs. *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (per curiam). However, the Fifth Circuit has also held that Federal Rule of Civil Procedure 56(c) "merely requires the court to give the non-movant an adequate opportunity to respond prior to a ruling." *Sw. Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003) (quoting *Jackson v. Widnall*, 99 F.3d 710, 713 (5th Cir. 1996)). Material Handling argues that even though its reply references evidence not attached to its original motion, the Court should consider that evidence because Southland had an opportunity to respond in its reply to Material Handling's opposition. Record Document 86, p. 9. The Court agrees that Southland could have filed a reply in support of its cross-motion for summary judgment and responded to the new arguments and evidence raised in Material Handling's reply but chose not to do so. Therefore, the Court will consider the new arguments and evidence contained in Material Handling's reply.

The ambiguity of the pay-if-paid clause is reflected by its text. The language is much less detailed than the payment provisions in the cases previously discussed. For instance, the payment provision in *Tymeless* stated that 90% of the subcontractor's invoices would be paid after payment by the owner for the subcontractor's work and that the remaining 10% would be released upon completion of the contract and final payment by the owner. 172 So. 3d at 147. The clause in *Imagine* stated that that subcontractor would not be "entitled to receive any progress payment or final payment prior to [the contractor's] actual receipt of that payment from Owner." 707 So. 2d at 502. The clause also specified that the contractor's receipt of full payment from the owner was a condition precedent to any action the subcontractor could bring against the contractor. *Id.* In contrast, the pay-if-paid clause in the instant case merely states:

> Supplier acknowledges and agrees that Contractor's receipt of payment from Owner is an express condition precedent to Contractor's obligation to pay Supplier under this CPO.

Record Document 66-3, p. 36, ¶ 12. As Material Handling points out, this clause does not explicitly require payment in full or payment in installments. Record Document 86, pp. 11–12. Material Handling interprets this ambiguity to mean that the word "payment" refers to any exchange of money from IntegriCo to Southland. *Id.* at 12. However, that interpretation is no more supported by the text than payment in full or installment payments.

The ambiguity as to the meaning of the word "payment" is further highlighted by the parties' filings in this case. As noted previously, Southland stated in its discovery responses that it had received $7,694,309.26 from IntegriCo. Record Document 83-3, p. 2. Additionally, an October 5, 2015, invoice from Southland to IntegriCo reflects that a total of $9,219,477.00 had been paid by IntegriCo up to that date. Record Document 83-4, p. 1. This invoice also lists an outstanding balance of $496,236.43 and an additional unpaid charge of $1,135,401.41 for the month of August,

showing that some amounts owed to Southland remained unpaid. *Id.* Despite some evidence of payment, Southland asserted in its Statement of Uncontested Facts that it has not paid Material Handling's most recent invoices because it has not been paid by IntegriCo. Record Document 77-1, p. 3, ¶ 11. Similarly, Southland submits the declaration of Michael Ballard, Southland's CEO, wherein he states that "Southland has not been paid by IntegriCo for its contracting services pursuant to their construction contract for the Project" and that payment to Material Handling is not yet due because "IntegriCo has not remitted payment to Southland." Record Document 77-4, p. 2.

Material Handling argues that this combination of filings shows that Southland has made contradictory statements regarding payment by IntegriCo. Record Document 86, p. 9. Instead, the Court views Southland's filings and Material Handling's interpretation of those filings as an indication that Southland and Material Handling have separate understandings of the meaning of the word "payment" in the pay-if-paid clause. This ambiguity has created a genuine issue of material fact as to whether the suspensive condition created by that clause has been fulfilled. The Court acknowledges that Southland, as a party relying on a suspensive condition, has the burden of proving the "nonoccurrence of the event on which the obligation was conditioned." *Sams's Style Shop v. Cosmos Broad. Corp.*, 694 F.2d 998, 1004 (5th Cir. 1982). However, the Court is not willing to grant summary judgment when it finds that the record contains a genuine issue of material fact as to whether the suspensive condition has been fulfilled. Thus, summary judgment cannot be granted as to Material Handling's breach of contract claim.

## B.     Private Works Act Claim

The same issue of fact that prevents Material Handling from succeeding on summary judgment as to its breach of contract claim prevents it from succeeding on summary judgment as

to its PWA claim. A subcontractor's claim under the PWA is based on obligations arising out of the performance of work under a contract. La. Stat. Ann. § 9:4802(A). Again, whether Southland owes any obligation to Material Handling depends on whether the suspensive condition has been fulfilled. Thus, Material Handling's PWA claim cannot be decided at the summary judgment stage.

### C.    Conclusion of Material Handling's Motion for Summary Judgment as to Southland

Because Material Handling has failed to establish, beyond peradventure, the essential elements of its breach of contract and PWA claims against Southland, its motion for summary judgment [Record Document 66] is **DENIED** as to Southland. *See Fontenot*, 780 F.2d at 1194.

### CONCLUSION

The Court finds that the contract between Material Handling and Southland contains a pay-if-paid clause that designates payment by IntegriCo a suspensive condition to Southland's obligation to pay Material Handling. The Court further finds that a genuine issue of material fact exists as to whether that suspensive condition has been fulfilled. Accordingly, Material Handling's Motion for Summary Judgment [Record Document 66] is **DENIED** as to Southland. Southland's Cross-Motion for Summary Judgment [Record Document 77] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Material Handling's unjust enrichment claim and that claim is **DISMISSED WITH PREJUDICE**. The motion is **DENIED** as to Material Handling's breach of contract and PWA claims.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 3rd day of March, 2020.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUD